### HOLT et al. v. COLONIAL TRUST CO.

(Supreme Court, Appellate Division, Second Department. October 11, 1904.)

1. CHECK—PAYEES—PAYMENT—REFUSAL—RIGHTS OF TRUST COMPANY.
 Where a check recites that it is drawn in pursuance of an order made by the Supreme Court, and directs the trust company on which it is drawn to pay to certain administrators or their attorney, without naming the decedent, payment is properly refused by the trust company; it appearing that the order required payment to be made to the administrators of a certain decedent or their attorney.

2. SAME—JUDGMENT—FORM.
 In an action against a trust company on a check purporting to be drawn in pursuance of an order of court, but which failed to comply with the

order, where the defendant on whom it was drawn introduced no evidence, it was entitled to nothing more than a judgment of dismissal; the case being one in which the plaintiffs simply failed to make out a cause of action.

Appeal from Municipal Court, Borough of Richmond, First District.

Action by William T. Holt and others against the Colonial Trust Company. Judgment for defendant, and plaintiffs appeal. Modified.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

William D. Gaillard, for appellants.

C. V. Nellany, for respondent.

WILLARD BARTLETT, J. This action was brought upon the following check drawn by the chamberlain of the city of New York:

"New York, Dec. 18, 1903.

"Northfield Building vs. Barber.                                No. 172.

"No. 1.

"Colonial Trust Company.

"In pursuance of an order in the above entitled cause, made by Supreme Court and bearing date the 5th day of Dec. 1903, Pay to the order of Ophelia B. Barber, as administratrix, & Edgar L. Benjamin & Theodore H. Spratt, administrators, or Thos. G. Prioleau, atty., seventy-five and $14/100$ dollars.

"$75.14.                                E. R. L. Gould, Chamberlain."

Payment of this instrument was refused by the defendant corporation upon the ground that it was not drawn in accordance with the terms of the order of the Supreme Court referred to in the instrument. An examination of that order shows such to have been the fact. The order directed the city chamberlain to make payment to "Ophelia B. Barber, as administratrix, and Edgar L. Benjamin and Theodore H. Spratt, as administrators of the goods, chattels and credits of Olin M. Barber, deceased, or Thomas G. Prioleau, their attorney." The check omits to characterize the first payees as administrators of Olin M. Barber, or any other particular person. It also omits to describe the second or alternate payee as their attorney. I think that these omissions justified the Colonial Trust Company in refusing to pay. Before making payment, its officers were entitled to require that the check should be drawn in accordance with the order of the Supreme Court; indeed, it was their duty not to pay in the absence of conformity with such order. Although it is unlikely that any harm would have been done by honoring this check in this particular instance, it might very well happen in some cases that the same person would be an administrator of different estates, and confusion would arise unless in checks of this character, based upon an order describing the payee as the administrator of a particular estate, that estate were indicated in the check itself. It seems to me that the defendant is deserving of praise, rather than censure, for insisting upon a strict compliance with the terms of the order before making payment out of a fund which it held as a depositary of court money.

These views make it unnecessary to decide whether the Municipal Court was correct in holding that the check was a nonnegotiable instrument, and therefore that the plaintiffs had failed to make out a case

because they had not proved any consideration. The nonconformity of the check with the terms of the order was enough to entitle the defendant to prevail.

It was error, however, to render judgment for the defendant on the merits. The defendant introduced no evidence, and the case was one in which the plaintiffs had simply failed to make out a cause of action. The judgment should therefore be modified so as to direct the dismissal of the complaint, but not on the merits; and, as thus modified, affirmed, without costs of this appeal to either party. All concur.